36   347
29a   20

### A. J. WHITE v. THE STATE.

1. Under the circumstances of this case, the accused should have been allowed a postponement of his trial until a later day of the term.
2. On the trial of a murder case, depending upon circumstantial evidence, the court below instructed the jury that "to warrant a conviction on cir-"cumstantial evidence, the circumstances, taken together, must be of a "conclusive nature, leading on the whole to a satisfactory conclusion, "and producing in effect a reasonable certainty that the accused and no "other person committed the offense." This is held to be error. The conclusion in the mind of the jury must be so certain as to exclude every reasonable doubt of defendant's guilt, and if it be not such the defendant should be acquitted.
3. The certainty necessary to authorize a conviction for murder must be such absolute certainty in the minds of the jurors as to the defendant's guilt, that it will admit of no reasonable doubt.

APPEAL from Lamar. Tried below before the Hon. A. H. Latimer.

This case being called for trial, defendant moved the court to postpone the hearing of the case until a later day of the term, to enable him to procure the attendance of a witness by whom he expected to prove that certain money, found upon the person of the accused at the time of his arrest, was given him by the witness in exchange for currency. The evidence was desired to rebut evidence that the money found on his person was the money of the deceased. The court below overruled the motion and the defendant excepted.

It was proved on part of the State, that the accused and one Emerson and the deceased, started from certain saw-mills in the Cherokee Nation to Texas, to work at other saw-mills in Red River county. The accused and the deceased were to work as partners. Emerson, desiring to accompany them, they agreed to bear his expenses to Red River county, Texas, and Emerson was to pay them out of the proceeds of his labor at the saw-mills in Red River county.

On the evening of the 22d of August, 1871, the parties all encamped some eight or nine miles from Paris, in Lamar county, Texas. Emerson, the principal witness in the case, testified that about one or two o'clock that night he was aroused by the report of a pistol; that he rose up on his hips about midway on his pallet, and saw White standing at the foot of his pallet leaning rather over Miller. White instantly fired upon Emerson, the first shot taking effect in the left jaw, the second in the shoulder, and as Emerson made off, White fired a third shot at him, which struck him in the chin. Emerson further testified that the deceased was possessed of about forty dollars, and that he did not know of defendant's having over ten dollars. When defendant was arrested, he had upon his person a pocket-book containing ten dollars in gold, five in currency, and two dollars in silver.

Defendant's counsel asked the court to instruct the jury, that to justify a verdict of guilty, they must believe the evidence so

clear and positive as to exclude every hypothesis save the guilt of the accused, and that if they did not so believe they should find for the defendant; and further, that in order to convict the defendant of murder in the first degree, the State must establish by evidence malice express.

These instructions being refused, defendant excepted. The jury returned a verdict for murder in the first degree and assessed the death penalty, from which finding and the judgment rendered thereon this appeal is prosecuted.

*H. S. Bennett, J. Davis, H. H. Dohoney, H. McDonald,* and *Hancock & West,* for the appellant.

*William Alexander, Attorney-General,* for the State.

WALKER, J. This is a case of great importance to the appellant. He has been indicted, tried, and convicted of the murder of a fellow-being, and the jury have assessed the death penalty.

We have examined the record with much care. The bills of exceptions, whilst they raise no question in the mind of this court, upon which alone we would reverse the judgment, nevertheless indicate a more stern and rigorous adherence to the letter of the law than justice might dictate under like circumstances. The counsel for the defendant were appointed by the court, and appear to have had but little, if any, time to prepare their defense. The district attorney does not appear to have strenuously opposed the postponement of the case, until a future day of the term. The court, however, overruled the motion. We think, in view of all the facts in the case, the motion should have been granted. The object of the proof sought, was to show that the defendant had twenty dollars in money, but a very short time previous to the murder of Miller, and that the money found upon his person, when arrested, belonged to him. If this could have been shown, it would have gone far to relieve the defendant from the charge of having killed Miller for this same money; and in view of the character of the evi-

dence in the case, and the enormity of the crime with which the defendant stood charged, we think at least a reasonable time should have been given him to obtain the evidence.

We think the court erred in refusing to give the second and third charges asked by defendant's counsel, and we think there is manifest error in latter part of the charge given by the court. It is as follows: "To warrant a conviction on cir- " cumstantial evidence, the circumstances, taken together, must " be of a conclusive nature, leading on the whole to a satisfactory " conclusion, and producing in effect a reasonable certainty that " the accused and no other person committed the offense."

There must be something more than a satisfactory conclusion, producing in effect a reasonable certainty. The conclusion upon the mind of the jury must be so certain as to exclude every reasonable doubt of the defendant's guilt; and if it be not such, the defendant should be acquitted.

It may be somewhat difficult to direct the minds of jurors to the precise rule which the law intends they shall follow. But the language employed in the charge is too loose and uncertain as to the rule to be employed, where life is to be taken away if the jury should find against the defendant. The rule is this, as contra-distinguished from "reasonable certainty," it is such *absolute certainty*, in the minds of the jurors, as to the defendant's guilt, that will admit of no reasonable doubt.

The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.